THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>THE REAL PROPERTY COMMONLY KNOWN AS 101 WEST HERMOSA DRIVE, SAN GABRIEL, CALIFORNIA 91775, LOS ANGELES COUNTY, PARCEL NO. 536021022, TITLED IN THE NAME OF DEK GROUP, LLC;<br><br>ALL FUNDS CONTAINED IN WELLS FARGO BANK ACCOUNT NUMBER XXXXXX4582, HELD IN THE NAME OF BRIAN K. BURNETT;<br><br>AND<br><br>ALL FUNDS CONTAINED IN BANK OF AMERICA ACCOUNT NUMBER XXXXXXXX9392, HELD IN THE NAME OF DEK GROUP, LLC,<br><br>Defendants. | CASE NO. C17-1138-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion to stay proceedings (Dkt. No. 14). Having thoroughly considered the Plaintiff's briefing and the relevant record, the Court

ORDER
C17-1178-JCC
PAGE - 1

hereby GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

Plaintiff United States of America brings this civil forfeiture proceeding against the above-captioned assets that it believes constitute or are derived from proceeds traceable to an alleged bank fraud, conspiracy to commit bank fraud, and concealment of money laundering in violation of federal law. (Dkt. No. 14 at 2.) The United States is concurrently prosecuting a related criminal case before the Court. *United States of America v. Alexandra Shelburne, et al.*, CR17-0203-JCC, Dkt. No. 1 (W.D. Wash. 2017). In that case, defendants are being prosecuted for aggravated identity theft, bank fraud, conspiracy to commit bank fraud, money laundering, and conspiracy to commit money laundering. (Dkt. No. 14 at 2.) As part of the criminal case, the United States also seeks forfeiture of some of the same assets identified in this case. (*Id.*)

Trial in the criminal case is scheduled for March 12, 2018. (*Id.* at 3.) The United States continues to investigate the criminal case. (*Id.*) The United States asks to stay this civil forfeiture proceeding because of the ongoing criminal investigation and the likelihood that the criminal case will resolve some of the forfeiture issues in this civil case. (*Id.*) No parties have objected to the United States' proposed stay.

## II. DISCUSSION

### A. Legal Standard for Stay of Civil Forfeiture Proceedings

Federal law establishes a standard for district courts to use to decide whether to stay civil forfeiture proceedings when there is a parallel criminal case. Under 18 U.S.C. § 981(g)(1): "the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the government to conduct a related criminal investigation or the prosecution of a related criminal case." The statute defines a "related criminal case" as "an actual prosecution . . . in progress at the time at which the request for the stay . . . is made." 18 U.S.C. § 984(g)(4). To determine the relatedness of the proceedings, courts should look to "the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two

proceedings." *Id*.

Here, the Court finds that the civil forfeiture action and companion criminal case are related. Both the criminal case and civil forfeiture action are currently pending before this Court. Both arise out of an alleged scheme committed by the Defendants to steal access devices that were then used to wrongfully withdraw money from victims' bank accounts. *Shelburne, et al.*, CR17-0203-JCC, Dkt. No. 48 at 2; (Dkt. No. 1 at 4.) This scheme provides the basis for the forfeiture of assets in both cases, and the criminal indictment seeks forfeiture of some of the same assets named in the civil action. *Shelburne, et al.*, CR17-0203-JCC, Dkt. No. 48 at 15–17; (Dkt. No. 1 at 55–59.)

The Court finds that civil discovery would adversely affect the government's ongoing investigation in the criminal case. The broad scope of civil discovery would allow claimants in the civil forfeiture action, such as the criminal Defendants, to obtain information about the ongoing criminal investigation—for example, the identities and contact information of individuals supporting the government in its criminal investigation. (Dkt. No. 14 at 6.) Civil discovery could also provide Defendants with the opportunity to obtain investigation materials that would not otherwise be available as part of criminal discovery. (*Id*.) Allowing civil discovery could clearly frustrate the government's ongoing criminal investigation.

The Court finds that the civil and criminal cases are sufficiently related and that civil discovery will adversely affect the government's ability to investigate and prosecute the criminal case. Therefore, a stay of the civil forfeiture action is mandated by 18 U.S.C. § 981(g)(1).

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to stay the civil case (Dkt. No. 14) is GRANTED. All proceedings in this case are STAYED until its companion criminal case, *United States v. Shelburne, et al.*, CR17-0203-JCC, is resolved, either through a verdict or by way of plea. The United States is DIRECTED to file a status report in six months from the date of this order.

1     DATED this 26th day of October 2017.

                                                  John C. Coughenour
                                                  UNITED STATES DISTRICT JUDGE